UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOE ROBERT COLLIER,<br><br>Petitioner,<br><br>v.<br><br>PATRICK COVELLO,<br><br>Respondent. | Case No. 18-cv-06557-JST<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at Richard J. Donovan Correctional Facility, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 12, 2019, the Court granted respondent's motion to dismiss Claim Nos. 1 and 3 through 10. ECF No. 21. The Court dismissed Claim Nos. 6, 7, and 10 for failure to exhaust state court remedies. *Id.* The Court dismissed Claim Nos. 1, 3, 4, 5 and 9 as procedurally defaulted, and Claim No. 8 for failure to state a cognizable federal habeas claim. *Id.* The Court ordered petitioner to inform the Court whether wishes to proceed in this action with only the remaining claim (Claim No. 2), or dismiss this action and return to state court to exhaust Claim Nos. 6, 7, and 10 before returning to federal court to present all of his claims in a new petition, or move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims, or file an amended petition. *Id.* Petitioner has chosen to proceed on Claim No. 2, which alleges that the pre-trial identification procedures were unduly suggestive. ECF No. 22. Liberally construed, this claim appear cognizable under § 2254 and merits an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

/ / /

The Court therefore orders as follows:

1.      Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issue presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

2.      Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

3.      Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

4.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: December 5, 2019



JON S. TIGAR
United States District Judge